**David R. WILES, Appellant,**

v.

**Jim JONES, Appellee.**

No. 91–2951.

United States Court of Appeals, Eighth Circuit.

Submitted March 5, 1992.

Decided April 3, 1992.

Rehearing and Rehearing En Banc Denied May 18, 1991.

Curtis L. Blood, Collinsville, Ill., for appellant.

Ronald L. Jurgeson and William L. Webster, Kansas City, Mo., on brief, for appellee.

Before JOHN R. GIBSON, FAGG, and HANSEN, Circuit Judges.

HANSEN, Circuit Judge.

David R. Wiles, a Missouri prisoner, appeals from the district court's [1] order dismissing his 28 U.S.C. § 2254 petition. We affirm.

The State charged Wiles with two counts of capital murder after he confessed to killing his wife and child. The parties entered a written plea agreement pursuant to which the State reduced the charges to second-degree murder. Wiles agreed to plead guilty to killing his wife, and to enter an *Alford* [2] plea to the charge of killing his son. The agreement provided that Wiles would receive two consecutive life sentences, which would not preclude the possibility of parole. Additionally, Wiles waived probation revocation hearings in connection with two prior convictions, and accepted fifteen-year sentences on each. All of the sentences were to run consecutively. Following a hearing, the state court accepted Wiles's pleas, and imposed sentence in accordance with the agreement.

Wiles twice moved unsuccessfully for postconviction relief under former Missouri Supreme Court Rule 27.26. Wiles then filed the instant petition, setting forth thirty-three grounds for relief. He essentially reiterated all of the grounds raised in his Rule 27.26 motions, and added new claims. The magistrate judge [3] recommended denying the petition. The district court adopted the report and recommendation over Wiles's objections and dismissed the petition.

On appeal, through appointed counsel,[4] Wiles argues that he was coerced into pleading guilty because of incorrect advice from counsel regarding the likelihood of receiving the death penalty, and that had counsel correctly advised him, he would have insisted on going to trial. In his supplemental brief, Wiles argues that his counsel was ineffective for inadequately investigating and preparing his case, failing to pursue all available defenses, inducing Wiles to enter the plea agreement against his will, and failing to explain fully the nature of the charges; his Fourth, Fifth, Eighth, and Fourteenth Amendment rights were violated in connection with his arrest and confession; the sentencing court lacked jurisdiction to accept his pleas because there was insufficient evidence to support them; the cumulative effect of

---

1. The Honorable William L. Hungate, Senior United States District Judge for the Eastern District of Missouri.

2. *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

3. The Honorable Carol E. Jackson, United States Magistrate Judge for the Eastern District of Missouri.

4. After preparing and submitting Wiles's appellate brief, counsel was given permission to withdraw, and this court granted Wiles permission to supplement counsel's brief.

these constitutional violations requires relief; Missouri postconviction procedures are inadequate; his constitutional right to habeas corpus has been suspended; and the procedural bar defense is unconstitutional.

■ To prevail on his ineffective-assistance claim, Wiles must show that counsel's advice fell below an objective standard of reasonableness, and "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart,* 474 U.S. 52, 58–59, 106 S.Ct. 366, 370–371, 88 L.Ed.2d 203 (1985). Under 28 U.S.C. § 2254(d), state court factual findings are presumed correct. *Sumner v. Mata,* 449 U.S. 539, 547, 101 S.Ct. 764, 769, 66 L.Ed.2d 722 (1981).

Wiles argues that under Missouri law, he would not have received the death penalty had he gone to trial, and that trial counsel was ineffective for advising him that a sentence of death was probable. Based on the evidence that Wiles chased his wife through their apartment with a butcher knife, stabbed her at least twelve times, and then, when his three-year-old son started crying, cut the child's throat from side to side, and held his face down until he died, the district court rejected Wiles's argument and correctly concluded that a jury could have imposed the death penalty. Missouri law supports this conclusion. *See State v. Griffin,* 756 S.W.2d 475, 490 (Mo. banc 1988), *cert. denied,* 490 U.S. 1113, 109 S.Ct. 3175, 104 L.Ed.2d 1036 (1989).

■ Wiles's other claims of ineffective assistance are contradicted by his testimony at his guilty plea hearing. Wiles testified that counsel advised him of the charges and the options available; that there was nothing more counsel should have done; that no one coerced him into pleading guilty or threatened him; that he did not claim to be innocent of killing his wife; and that he had no defense to the charge. Such representations "carry a strong degree of verity," and impose a formidable obstacle to collateral relief. *Ingrassia v. Armontrout,* 902 F.2d 1368, 1370 (8th Cir.1990). Moreover, the state postconviction court found Wiles's testimony, which tended to contradict the statements he made at his guilty plea hearing, unbelievable. *See Graham v. Solem,* 728 F.2d 1533, 1540 (8th Cir.), *cert. denied,* 469 U.S. 842, 105 S.Ct. 148, 83 L.Ed.2d 86 (1984).

■ Wiles's claims of illegal arrest and interrogation were first raised in his second Rule 27.26 motion, which was denied on the ground that Wiles failed to explain why he did not raise these issues in his first motion. *Wiles v. State,* 785 S.W.2d 645, 645 (Mo.Ct.App.1990) (per curiam). We agree with the district court's conclusion that this constituted a plain statement of the state court's reliance on an independent and adequate state procedural bar. *See Harris v. Reed,* 489 U.S. 255, 262–63, 109 S.Ct. 1038, 1042–43, 103 L.Ed.2d 308 (1989). Thus, Wiles must demonstrate "cause for the default and actual prejudice as a result of the alleged violation of federal law, or ... [show] that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson,* — U.S. —, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991). The only cause Wiles has asserted is that his postconviction counsel was ineffective for failing to amend the first motion to include these claims. Ineffective assistance of postconviction counsel, however, cannot excuse a procedural default. *Id.,* 111 S.Ct. at 2568. Moreover, Wiles's Fourth Amendment claim is barred under *Stone v. Powell,* 428 U.S. 465, 482, 96 S.Ct. 3037, 3046, 49 L.Ed.2d 1067 (1976), because he voluntarily waived his right to litigate it. Furthermore, Wiles's statements at the guilty plea hearing contradict his claim that his confession was coerced.

■ Wiles further asserts that the state court lacked jurisdiction to accept his guilty pleas because there was no admissible evidence to support his convictions. We agree with the district court's conclusion that a rational trier of fact could have found Wiles guilty of second-degree murder beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). Wiles's

cumulative error claim is meritless. *See Scott v. Jones*, 915 F.2d 1188, 1191 (8th Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 1626, 113 L.Ed.2d 723 (1991). Wiles's challenge to the adequacy of Missouri's postconviction procedures "does not raise a constitutional issue cognizable in a federal habeas petition." *Williams–Bey v. Trickey*, 894 F.2d 314, 317 (8th Cir.), *cert. denied*, 495 U.S. 936, 110 S.Ct. 2183, 109 L.Ed.2d 511 (1990). Wiles's claims that his right to habeas corpus has been suspended and that the procedural bar defense is unconstitutional are frivolous. Finally, the *district court did not err by denying Wiles's* petition without holding an evidentiary hearing because the state court records indicate that Wiles's claims are either procedurally barred or meritless. *See Brown v. Lockhart*, 781 F.2d 654, 656 (8th Cir. 1986).

Accordingly, we affirm.