**Keith Wayne BRUNS, Appellant,**

v.

**John A. THALACKER, Warden, Iowa Men's Reformatory, Appellee.**

No. 91–2783.

United States Court of Appeals, Eighth Circuit.

Submitted April 15, 1992.

Decided Aug. 21, 1992.

Rehearing and Rehearing En Banc Denied Sept. 25, 1992.

Gary L. Robinson, Cedar Rapids, Iowa, argued, for appellant.

Thomas D. McGrane, Asst. Atty. Gen., Des Moines, Iowa, argued, for appellee.

Before McMILLIAN and BOWMAN, Circuit Judges, and EISELE,* Senior District Judge.

McMILLIAN, Circuit Judge.

Keith Wayne Bruns appeals from a final order entered in the United States District Court[1] for the Northern District of Iowa denying his petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. *Bruns v. Thalacker*, No. C90–41

---

* The Honorable G. Thomas Eisele, Senior United States District Judge for the Eastern District of Arkansas, sitting by designation.

1. The Honorable David R. Hansen, United States District Judge for the Northern District of

Iowa. Since November 18, 1991, Judge Hansen has been a circuit judge on the United States Court of Appeals for the Eighth Circuit.

(N.D.Iowa July 2, 1991) (order). For reversal, Bruns argues that the district court erred in finding (1) no prejudice arising from his double jeopardy violation, (2) no validity to his ineffective assistance of trial counsel claims, and (3) no harm from his claim of ineffective assistance of post-conviction counsel. For the reasons discussed below, we affirm the district court's denial of Bruns' petition for a writ of habeas corpus.

## I. BACKGROUND FACTS

Keith Bruns was convicted in Iowa state court of first-degree kidnapping and third-degree sexual abuse following a jury trial. Bruns allegedly kidnapped a thirteen-year-old girl, took her to the country, and sexually abused her in his car. Before and during trial, Bruns was represented by court-appointed counsel, Don Gottschalk. One week prior to trial, Gottschalk filed a motion to have William Gilliam appointed co-counsel. The state court granted this motion. Gottschalk then filed a motion for a continuance because he was inadequately prepared and Gilliam would be out of town the day of trial. The state court denied the motion, but the day before trial, John Ackerman was appointed as new co-counsel.

On July 31, 1979, John Ackerman filed a motion to dismiss the kidnapping charge, arguing that any asportation of the victim was necessary to commit the sexual abuse and, therefore, sexual abuse should be the only charge. The state trial court denied the motion as untimely, but also stated that it would have denied the motion on the merits had it been timely filed.

At trial, the key evidence consisted of fibers found on the victim as well as her testimony describing the car in which she was sexually abused. There was a great deal of testimony comparing the victim's description of her assailant's car and Bruns' car. While the victim's description matched many of the features of Bruns' car, some inconsistencies were brought out at trial. Most of the fiber evidence pointed to Bruns as the assailant, although much of it was inconclusive.

The jury found Bruns guilty of kidnapping and sexual abuse. Bruns was sentenced to concurrent terms of life imprisonment on the kidnapping charge and ten years imprisonment on the sexual abuse charge. His convictions were affirmed by the Iowa Supreme Court. *State v. Bruns*, 304 N.W.2d 217 (Iowa 1981). In 1987, Bruns filed an application for post-conviction relief, with the assistance of counsel, which was denied by the state trial court on January 29, 1988. The state appellate court also denied relief. *Bruns v. State*, 451 N.W.2d 42 (Iowa Ct.App.1989). The Iowa Supreme Court denied further review. *Id.* (Iowa July 28, 1989). On March 7, 1990, Bruns filed a pro se petition for writ of habeas corpus. Counsel was appointed for Bruns and a motion to amend the petition for writ of habeas corpus was granted. Bruns' amended petition for writ of habeas corpus claimed that (1) his conviction violated double jeopardy and (2) ineffective assistance of trial, appellate, and post-conviction counsel. This petition was denied by the district court. The district court found Bruns' double jeopardy claim procedurally barred and that no showing of prejudice was made. The district court also found a procedural bar and no prejudice resulting from trial counsel's failure to have an expert inspect Bruns' car and that the rest of Bruns' ineffective assistance of counsel claims were without merit. Bruns then appealed to this court.

## II. DISCUSSION

### A. *Double Jeopardy*

Bruns argues that his conviction and sentencing for both kidnapping and sexual abuse violated the double jeopardy clause. Bruns argues that the sentences amount to "multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969). Bruns admits that this claim is procedurally barred, but claims that cause and prejudice warrant relief. As cause, Bruns argues ineffective assistance of counsel at every stage of his trial and appeal as the reason that this issue was not raised in state court. Bruns

claims that both his trial and appellate counsel were ineffective for failing to protect his rights. As for actual prejudice, Bruns argues his continued imprisonment is the actual prejudice. Bruns claims that because he has fully served one of his sentences, his ten year sentence for sexual abuse, his life sentence for kidnapping should be vacated and he should be released.

The state concedes that sexual abuse is a lesser included offense of first-degree kidnapping, but argues that this double jeopardy claim is procedurally barred. The state argues that the only remedy Bruns could have received would have been the vacation of his shorter sentence, and, therefore, he has shown no prejudice.

To determine if Bruns has overcome his procedural bar, this court must determine if he has shown both cause and actual prejudice for the failure to raise the double jeopardy issue in state court. *Wainwright v. Sykes*, 433 U.S. 72, 87–91, 97 S.Ct. 2497, 2506–09, 53 L.Ed.2d 594 (1977); *see Murray v. Carrier*, 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). The district court found that Bruns had not adequately proved actual prejudice. The district court found that even if Bruns had proved cause, no actual prejudice had been shown because the only relief Bruns would be entitled to is the vacation of his sexual abuse conviction. Slip op. at 5. We agree with the district court's analysis. The only relief Bruns would have been entitled to, under federal and Iowa law, is a vacation of his ten year sentence for sexual abuse. *Lamphere v. State*, 348 N.W.2d 212 (Iowa 1984) (*Lamphere*), and *State v. Whitfield*, 315 N.W.2d 753 (Iowa 1982) (*Whitfield*), each involved defendants who had been convicted and sentenced concurrently for both kidnapping and second-degree sexual abuse. The Iowa Supreme Court, in each case, held that the proper remedy for this double jeopardy violation was a vacation of the shorter sentence, the sexual abuse conviction. *Lamphere*, 348 N.W.2d at 218; *Whitfield*, 315 N.W.2d at 755. Federal law reaches the same result. *Jones v. Thomas*, 491 U.S. 376, 387, 109 S.Ct. 2522, 2528, 105 L.Ed.2d 322 (1989).

Bruns argues that this court should follow its holding in *Thomas v. Morris*, 844 F.2d 1337 (8th Cir.1988) (*Thomas*), rev'd, 491 U.S. 376, 109 S.Ct. 2522, 105 L.Ed.2d 322 (1989), in which this court found that the defendant had fully served one sentence and, therefore, the double jeopardy violation required an issuance of a writ of habeas corpus. *Id.* at 1342. We decline to follow *Thomas* for two reasons. First, our opinion was reversed by the Supreme Court. Second, *Thomas* involved consecutive sentences, while the present case involves concurrent sentences. The Supreme Court in *Jones v. Thomas* explained this critical difference by stating that the defendant "concedes that where *concurrent* sentences are imposed, unlawful imposition of two sentences may be cured by vacating the shorter of the two sentences even where it has been completed." 491 U.S. at 386, 109 S.Ct. at 2528 (emphasis in original) (citations omitted).

We therefore hold that the only remedy that would have been available to Bruns if he had raised the double jeopardy claim in state court is a vacation of his shorter sentence for sexual abuse. We hold that the district court did not err in finding that Bruns failed to show actual prejudice to overcome the procedural bar.

### B. *Ineffective assistance of trial counsel*

Bruns argues that multiple errors made by his trial counsel amounted to ineffective assistance of counsel.

#### 1. Lack of expert testimony regarding Bruns' car

■ Bruns argues that his trial counsel's failure to have his car inspected by his own expert before the car was repossessed and resold constituted ineffective assistance of counsel. We agree with the district court's finding that this claim was not raised in state court and is, therefore, procedurally barred. To overcome the procedural bar, Bruns must prove both cause and actual prejudice.

Bruns argues that, because of the importance of the victim's description of the car in which she was assaulted, his trial counsel should have had the car inspected by an expert. As for actual prejudice, Bruns argues that the expert may have been able to testify that certain evidence was inconclusive or suggested that he was not the assailant.

The state argues that Bruns has shown no cause for the failure to raise this issue in state court. Bruns asserts that his trial counsel was ineffective, but the state argues this is insufficient to show cause because he had different counsel on both his direct appeal and post-conviction relief. The state also argues that there was sufficient testimony concerning features of Bruns' car and whether or not they matched the victim's description. For example, evidence was presented about the absence of carpeting in the back of Bruns' car although the victim remembered carpeting. Additionally, the state argues that there is no way to determine what type of impact an expert would have had and, therefore, Bruns' argument is completely speculative.

The district court found, and we agree, that Bruns did not show the necessary actual prejudice to overcome the procedural bar. Slip op. at 6. It is purely guesswork on the part of Bruns to assume that an expert would have aided his defense because just the opposite is equally possible. Bruns' trial counsel also cross-examined the state's expert and brought out the inconclusive nature of much of the evidence. Trial counsel also brought out the inconsistencies between the victim's description of her assailant's car and Bruns' car.

2. Trial preparation and conduct at trial

Bruns alleges six errors made by his trial counsel amounted to ineffective assistance of counsel. First, Bruns argues that the general unpreparedness of his trial counsel constituted ineffective assistance of counsel. Bruns claims his trial counsel did not file adequate pre-trial motions.[2] Bruns notes that his trial counsel requested appointment of co-counsel and a continuance days before the beginning of trial and that attorney John Ackerman testified at the post-conviction relief hearing that Bruns' trial counsel had not adequately prepared the case. Second, Bruns argues that his trial counsel untimely filed his motion to dismiss the kidnapping charge. Bruns also alleges that his trial counsel should have requested a jury instruction regarding asportation. Third, Bruns argues that his trial counsel failed to object to the introduction of a belt buckle evidence. The first time the state attempted to introduce the belt buckle, trial counsel objected and admission of the belt buckle was denied. However, on cross-examination of Bruns' wife, the belt buckle was re-introduced by the state with no objection from the defense. Bruns claims this failure to object amounted to ineffective assistance of counsel. Fourth, Bruns claims his trial counsel failed to depose the state's expert witness and failed to object to the introduction of a report containing fiber test results. Fifth, Bruns argues trial counsel failed to cross-examine state rebuttal witness, Mabel Ackerman. Sixth, Bruns argues that trial counsel's cross-examination of the victim was perfunctory and incomplete.

The state argues that trial counsel's lack of preparation did not amount to ineffective assistance of counsel. Second, the state argues that while the motion to dismiss the kidnapping charge was dismissed for being untimely, the state trial court also correctly ruled that even if timely it would have been denied. Third, regarding the admission of belt buckle during cross-examination, the state argues that an objection would have been unsuccessful because the evidence was being used for a different purpose than in its case-in-chief. On direct examination, Bruns' wife had testified about her husband's clothing and the belt buckle was introduced by the state in

**2.** Bruns does not state what pre-trial motions should have been filed by his trial counsel besides the motion raising the asportation issue which was dismissed as untimely. Bruns simply alleges that by only filing one pre-trial motion for the return of his eyeglasses, his trial counsel was ineffective.

response to that questioning. Fourth, the state argues that the defense did in fact depose the state's expert when the state trial court granted a continuance for the deposition. Fifth, the state argues that the failure to cross-examine Mabel Ackerman was appropriate trial strategy. The defense, instead of cross-examining Mabel Ackerman, choose to call a witness to rebut her testimony. Sixth, the state claims that the short cross-examination of the victim also was appropriate trial strategy considering the young age of the victim.

We agree with the district court that each of these alleged errors, separately and in combination, do not constitute ineffective assistance of counsel. To prove ineffective assistance of counsel, Bruns must prove that his trial counsel's actions "fell below an objective standard of reasonableness" and created actual prejudice as a result. *Strickland v. Washington*, 466 U.S. 668, 688, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).

▮ While trial counsel could have certainly been better prepared for trial, we agree with the district court that Bruns has not shown any actual prejudice from this lack of preparation and his claim is not sufficient to prove ineffective assistance of counsel. Second, the untimely motion to dismiss does not constitute ineffectiveness because the state trial court still reached the merits of the pre-trial motion and concluded that it was without merit. As the district court explained, it is most likely that the state trial court would have reached the same conclusion regarding any request for a jury instruction. Slip op. at 11. Thus, Bruns was not actually prejudiced by defense counsel's failure to file a timely motion to dismiss.

▮ Regarding the belt buckle and the fiber report, Bruns does not state what objection his trial counsel should have made or why that objection would have been successful. We hold that trial counsel did not err by failing to object to both of these items and see no reason why they were not appropriately admitted. Bruns' fifth and sixth allegations amount to attacks on trial strategy. It was within the

scope of appropriate trial strategy to present a rebuttal witness instead of cross-examining Mabel Ackerman. Trial counsel's decision to briefly cross-examine the young victim in a sexual abuse case was also well within the bounds of appropriate trial strategy.

We hold, therefore, that the district court did not err in finding no ineffective assistance of trial counsel.

C. *Ineffective assistance of post-conviction counsel*

▮ Finally, Bruns argues that his post-conviction counsel was ineffective for waiting almost a year after appointment to file an application for post-conviction relief. Bruns claims that because of the obvious merit of his double jeopardy claim, this delay resulted in additional time in prison.

The state argues that ineffective assistance of post-conviction counsel is not a basis for habeas corpus relief under *Coleman v. Thompson*, — U.S. —, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). We agree. *Wiles v. Jones*, 960 F.2d 751, 753 (8th Cir. 1992).

Accordingly, we affirm the district court's denial of Bruns' petition for a writ of habeas corpus.