Johnny E. WILSON, Appellant,

v.

Mike KEMNA, Appellee.

No. 93–1228.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 10, 1993.

Decided Jan. 4, 1994.

Dennis James Campbell Owens, Kansas City, MO, argued, for appellant.

Stacy Louise Anderson, Jefferson City, MO, argued (Jeremiah W. (Jay) Nixon and Ronald L. Jurgeson, Kansas City, MO, on the brief), for appellee.

Before McMILLIAN, Circuit Judge, HENLEY, Senior Circuit Judge, and MAGILL, Circuit Judge.

HENLEY, Senior Circuit Judge.

Johnny E. Wilson appeals the district court's [1] judgment denying his petition for writ of habeas corpus. We affirm.

Wilson was convicted of first degree assault for the stabbing of Joe Dobda. The stabbing occurred late one night at the residence of Carolyn Churchill.[2] Though several

---

1. The Honorable Joseph E. Stevens, Jr., Chief Judge, United States District Court for the Western District of Missouri.

2. At the time, Churchill was either Wilson's fiance or girlfriend. Wilson testified that they lived together but that he had left three days earlier because of a quarrel. He asserted that he re-
turned that particular evening to get fresh clothes and other personal belongings. By the time of the criminal trial, Wilson and Churchill were married. At the time of appeal proceedings in the Eighth Circuit, they appear to have been divorced.

people were outside the house during the incident, only Wilson, Dobda, and Churchill witnessed any of the relevant events leading up to the stabbing. Wilson and Dobda both testified at trial, presenting two very different versions of what happened. Wilson claimed that he acted in self-defense while Dobda stated that Wilson was the aggressor. Churchill did not testify.

Wilson filed a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15. He claimed his trial counsel was constitutionally ineffective for failing to call Churchill. The judge dismissed the motion as untimely, and the Missouri Court of Appeals affirmed the dismissal. *State v. Wilson*, 795 S.W.2d 590 (Mo.Ct.App.1990). No evidentiary hearing was held.

Wilson subsequently made the same ineffective assistance claim in his habeas petition. The district court found that though the claim had been procedurally defaulted, there was cause for the default because Wilson's failure to timely file his Rule 29.15 motion was due to prison officials' repeated refusals to provide the services of a notary public. Nevertheless, the court held that Wilson had not satisfied the prejudice element of the cause and prejudice test because his counsel had not been constitutionally ineffective. The court denied Wilson's petition without a hearing.

■ Wilson's principal argument on appeal is that the district court was required to conduct an evidentiary hearing, for the state courts never did so, and relevant facts remained in dispute.[3] In particular, Wilson notes that his attorney stated in a post-trial

hearing that he talked to Churchill about potential testimony but determined she would not be a helpful witness. In an affidavit submitted to the district court, Churchill claims the attorney never contacted her.

■ Generally, an evidentiary hearing is required in a habeas proceeding if petitioner " 'alleges sufficient grounds for release, relevant facts are in dispute, and the state courts did not hold a full and fair evidentiary hearing.' " *Houston v. Lockhart*, 982 F.2d 1246, 1250 (8th Cir.1993) (quoting *Spillers v. Lockhart*, 802 F.2d 1007, 1009 (8th Cir.1986)). However, the petitioner is not entitled to a hearing where the record clearly indicates that his claims are either barred from review or without merit. *Reynolds v. Caspari*, 974 F.2d 946, 948 (8th Cir.1992); *Wiles v. Jones*, 960 F.2d 751, 754 (8th Cir.), *cert. denied*, —— U.S. ——, 113 S.Ct. 423, 121 L.Ed.2d 345 (1992).

We agree with the district court that Wilson's claim is procedurally barred. Though he may have established cause for his default, he has not shown sufficient prejudice resulting from the alleged constitutional error. *See United States v. Frady*, 456 U.S. 152, 170, 102 S.Ct. 1584, 1596, 71 L.Ed.2d 816 (1982) (To establish the prejudice prong of the cause and prejudice test, petitioner must show that errors infected "his entire trial with error of constitutional dimensions.").

■ Alternatively, Wilson's ineffective assistance claim is without merit. Upon review of Churchill's affidavit,[4] we conclude that her testimony would not have affected the jury's verdict. Though certain statements are con-

---

**3.** Wilson filed a pro se supplemental brief in which he argued other ineffective assistance claims. We have reviewed those claims and find them to be without merit.

Wilson also claims the trial judge incorrectly stated that Churchill slept through most of the incident. It is clear that Churchill was asleep or drowsy much of the time. For present purposes it makes no difference whether the trial judge used the proper adjective since use of "most" rather than "much" would not affect the outcome of the present habeas case.

**4.** The relevant portions of the affidavit are as follows:

I heard a noise and it woke me up. At that time I observed Johnny Wilson standing over

me.... Wilson told me to get up and I did and I went over and sat down in a chair. The living room was in much disarray and there were plates, knifes, utensils and bowls scattered about the room. Johnny and Joe Dobda then started arguing over by the couch.... A scuffle occurred at the couch and Joe jumped up and ran out the door, I did not see Johnny stab Joe, but I did see that Johnny had in his hand a butcher knife that was mine, which he had apparently picked up in the living room. Johnny did not stab Joe as he ran out the door. There was blood on the curtains by the couch which apparently had sprayed there at the time that Joe was stabbed.

sistent with Wilson's story, the affidavit is largely consistent with Dobda's testimony,[5] and nothing in the affidavit supports a self-defense claim. Moreover, Churchill's credibility at trial would have been questionable considering she was married to the defendant at the time. Consequently, Wilson cannot establish prejudice resulting from his attorney's allegedly deficient performance. *See Strickland v. Washington*, 466 U.S. 668, 687, 694, 104 S.Ct. 2052, 2064, 2068, 80 L.Ed.2d 674 (1984) (To establish a claim of ineffective assistance, a defendant must show not only (1) that counsel's performance was deficient but also (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.").

Because the record clearly establishes that Wilson's claim is both procedurally barred and without merit, no evidentiary hearing is required.

Accordingly, the judgment of the district court is affirmed.

Michael Dennis Booker, Little Rock, AR, argued, for appellant.

Michael D. Johnson, Little Rock, AR, argued, for appellee.

Before MAGILL, Circuit Judge, BRIGHT, Senior Circuit Judge, and BEAM, Circuit Judge.

---

5. Churchill's statement that Wilson did not stab Dobda as Dobda ran out of the house is inconsistent with Dobda's testimony, but Churchill's conclusion is questionable in that she could not say how or when Dobda was stabbed. Furthermore, she had been awake for only a few moments before the stabbing and was obviously not alert enough to observe and remember many important details. Finally, we note that the physical evidence tended to support Dobda's claim, for the stab wound was deep in his back.