_____

No. 94-4030
_____

Steven L. Toney,                        *
                                        *
          Appellant,                    *
                                        *
     v.                                 *   Appeal from the United States
                                        *   District Court for the Eastern
James A. Gammon; Jeremiah (Jay)         *   District of Missouri.
W. Nixon,                               *
                                        *
          Appellees.                    *

_____

             Submitted:  September 14, 1995

                Filed:  March 29, 1996
             _____

Before BOWMAN, ROSS and BEAM, Circuit Judges.

_____

ROSS, Circuit Judge.


     Steven L. Toney appeals from the district court's judgment denying
his petition for writ of habeas corpus.  We affirm in part and reverse in
part.


                              I.


     Toney was convicted of the rape and sodomy of Kelly Eve Morris.
Morris testified that on September 30, 1982, she arrived at her apartment
complex about 3:00 a.m. and noticed a man on the stair landing.  She
testified that when she reached her apartment door she was grabbed from
behind by a man who covered her mouth and nose with his hand and held a
knife blade to her throat.  The man dragged her down the stairs and outside
to a wooded area behind the

apartment building. She stated that she was able to see the man's face when they paused at a well-lit corner of the building. She was then sodomized and raped. Once back at her apartment, Morris called the police and later gave a description of her assailant as a Negro male, 25 to 30, 5'8" to 5'10", stocky, muscular build, dark complexion, wearing a white T-shirt, blue jeans and leather gloves.

On October 5, 1982, Morris viewed over sixty photographs of possible suspects but was unable to identify any of them as her assailant. On October 8, 1982, she was shown four photographs and from these identified one of them, a photograph of Toney, as the man who had assaulted her. During the trial, Lee Adams, an attendant at a gas station near the scene of the crime, recalled that at about 3:30 a.m. on the night of the assault, a man approached the pay booth of the gas station on foot. Adams gave a description to a police officer shortly afterward, stating that he was a Negro male, 22 to 30, 5'8" to 5'10", stocky build, bad, gaped teeth, short hair, a light mustache, wearing a white T-shirt, blue jeans and leather gloves. On October 14, 1982, two days after Toney was arrested, Adams was shown four photographs and from these identified Toney as the man he had seen at the gas station on the night of the crime. Toney has steadfastly maintained his innocence throughout his trial and postconviction proceedings. Toney points out that the descriptions given by both the victim and the gas attendant, while similar to each other, do not describe him with any accuracy. Toney was, in fact, 35 years old, 6' tall, 165 pounds, light-complected, pockmarked face, good teeth and a full beard and mustache.

Following his conviction, Toney filed a motion for a new trial and received an evidentiary hearing on claims raised in that motion. The motion was denied and Toney was sentenced as a persistent and dangerous offender to a term of life imprisonment on each of the two counts, to run consecutively. The Missouri Court of Appeals affirmed Toney's conviction and sentence. State v.

-2-

<u>Toney</u>, 680 S.W.2d 268 (Mo. Ct. App. 1984). Toney then sought postconviction relief under Missouri Supreme Court Rule 27.26, claiming ineffective assistance of counsel. The motion was initially denied without an evidentiary hearing. The Missouri Court of Appeals, however, reversed and remanded the case to the motion court for more detailed findings of fact and conclusions of law. <u>Toney v. State</u>, 730 S.W.2d 295 (Mo. Ct. App. 1987). Toney's Rule 27.26 motion was again denied without an evidentiary hearing. <u>Toney v. State</u>, 770 S.W.2d 411 (Mo. Ct. App. 1989).

Toney then filed a petition for habeas corpus in the United States District Court for the Eastern District of Missouri raising twenty-one grounds for reversal. The matter was referred to a magistrate judge who recommended denial of Toney's petition, as well as denial of his motion for appointment of counsel, denial of his motion for a DNA blood test and for scientific inspection of the physical evidence the state introduced at trial, and the denial of his motion for copies of deposition transcripts. Following consideration of Toney's pro se objections and in light of two recent Missouri cases, on July 15, 1991, the district court recommitted the petition to the magistrate judge for further consideration of Toney's third petition claim, specifically that the trial judge mistakenly imposed consecutive life sentences. The district court also granted Toney's request to file a motion to compel analysis of the blood sample and referred the motion to compel to the magistrate judge for consideration. On March 30, 1992, over eight months after the case was resubmitted, the magistrate judge denied Toney's motion to compel and his request for an evidentiary hearing without prejudice in a two-sentence order.

On September 4, 1992, the district court entered an order accepting the magistrate judge's denial of the petition only as to eleven of Toney's twenty-one claims, and recommitted the ten remaining claims, as well as various pending motions, to the

-3-

magistrate judge for further consideration, holding that the present record supported sustaining Toney's motion for appointment of counsel and required further consideration of several issues pertaining to the analysis of evidence and blood samples, as well as the appropriateness of holding an evidentiary hearing to allow Toney a full opportunity to present his claims.

On March 24, 1994, over a year and a half after the remaining claims were resubmitted for further consideration, the magistrate judge recommended denial of Toney's remaining habeas claims and denial of his renewed motion to permit DNA testing. On October 15, 1994, the district court adopted the magistrate judge's recommendations and dismissed the petition with prejudice.

## II.

On appeal, Toney first argues the district court erred in denying his habeas petition without first conducting an evidentiary hearing. He claims he was denied a full and fair opportunity to present his claims where the state court and the district court denied his substantial claims of ineffective assistance and constitutional claims without an evidentiary hearing.[1]

In order to prove such ineffective assistance of counsel, Toney must show that his attorney's performance was deficient and that such deficient performance prejudiced his defense. Sidebottom v. Delo, 46 F.3d 744, 752 (8th Cir.), cert. denied, 116 S. Ct. 144

---

[1]Toney generally argued he is entitled to an evidentiary hearing on other issues raised in his habeas petition; however, he failed to specify in his brief on appeal why these grounds entitled him to a hearing. It is insufficient to incorporate by reference various arguments made to the district court. Sidebottom v. Delo, 46 F.3d 744, 750 n.3 (8th Cir.), cert. denied, 116 S. Ct. 144 (1995); see 8th Cir. R. 28A(j). He has, therefore, waived any right to have these arguments considered on appeal. Sidebottom, 46 F.3d at 750.

(1995). Toney claims his trial counsel was ineffective in failing to: (1) highlight the lack of evidence linking Toney to the crime; (2) have the semen of the assailant blood-typed, which he claims would have excluded him as a suspect; (3) cross-examine the state's forensic expert on whether her testing protocol was generally accepted in the scientific community; and (4) insure that a probable cause hearing was held by the court. Toney claims his trial counsel was grossly ineffective in failing to develop a defense of mistaken identity, particularly in light of Toney's strong protestations of innocence, his demand for a blood test in order to exonerate himself, and the striking dissimilarity between the description of the assailant given by the victim and the gas attendant and Toney's physical characteristics. Toney contends that but for these errors, a "reasonable probability" existed that the jury would not have found him guilty beyond a reasonable doubt. See id.

In remanding the case to the magistrate judge, the district court stated that Toney's remaining claims appeared to raise substantial grounds:

> The present record . . . supports the granting of petitioner's motion for appointment of counsel and the denial without prejudice of the other two March, 1990, motions [motion for leave to compel analysis of victim's blood sample and request for an evidentiary hearing]. Various claims remain before the Court as the result of this and earlier orders, and several issues pertaining to the analysis of evidence and blood samples may need to be addressed more fully. While petitioner has shown an ability to present his positions, <u>the issues still to be considered by the Court are relatively unusual and it is not clear that the state court record alone will resolve the pending issues</u>.
>
> * * *
>
> [T]he magistrate judge may deem it appropriate to grant [petitioner's] requests, at least in part, <u>so as to provide petitioner with a full opportunity to present his</u>

> claims, particularly in light of the fact petitioner did not
> have an evidentiary hearing in his state postconviction
> proceedings.

(Emphasis added).  Notwithstanding the district court's expressed concerns, the magistrate judge recommended denial of the petition and motion for DNA testing "without further proceedings."

The State claims Toney was not entitled to an evidentiary hearing in federal court because he received an evidentiary hearing in state court on his motion for a new trial and because the record itself was sufficient to clearly indicate his grounds were all without merit.  Generally, a habeas petitioner is entitled to an evidentiary hearing in federal court if the petition "alleges sufficient grounds for release, relevant facts are in dispute, and the state courts did not hold a full and fair evidentiary hearing."  Wilson v. Kemna, 12 F.3d 145, 146 (8th Cir. 1994) (citations omitted).  However, a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit.  Id.

The record in the present case does not conclusively establish that Toney's claims are either barred from review or without merit.  Toney has raised substantial claims that his counsel provided ineffective assistance by failing to exhaustively pursue the issue of mistaken identity and by failing to obtain the requested blood tests.  Compare Moore v. State, 827 S.W.2d 213, 214-16 (Mo. 1992) (under the circumstances of this case, trial counsel's failure to obtain requested blood tests fell below reasonable and customary standards; there was a reasonable probability of a different outcome had such test results been obtained).  The record shows that Toney did not receive an evidentiary hearing in his state postconviction proceedings and, in light of that fact, the district court initially advised the magistrate judge that granting Toney's request for a hearing may be appropriate in order to ensure that he

-6-

has a full and fair opportunity to present his claims.  We reject the State's argument that the hearing held on Toney's motion for a new trial provided Toney with the requisite opportunity to submit his postconviction arguments.  We conclude the district court abused its discretion in failing to ensure that Toney was accorded an evidentiary hearing on his ineffective assistance of counsel claims.

III.

Toney raises several other claims challenging the district court's refusal to grant his petition.  He claims his constitutional rights were violated when the jury was allowed to view mugshots used in two photographic lineups, each of which contained one mugshot of Toney.  Toney claims the police data appearing on the photographs was inadequately concealed and, consequently, the jury had the opportunity to see information which linked him to past criminal activity in violation of his Fifth Amendment rights.

The magistrate judge rejected Toney's claim for two reasons.  First, Toney never presented the federal constitutional aspects of his claim to the Missouri state courts, thus creating a procedural bar to review.  Second, the Missouri Court of Appeals never reached the merits of his claim under state or federal law because Toney failed to provide that court with an adequate record on which to review his claims.  It is well established that attacking an alleged trial error as a violation of state law in state court proceedings does not preserve a federal constitutional law claim based on the same alleged trial error for federal habeas corpus review.  Picard v. Connor, 404 U.S. 270, 278 (1971).  Toney makes no attempt to demonstrate either cause or prejudice for failing to raise the constitutional dimensions of his claim relating to the mugshots in state court.  Therefore, we conclude this claim is procedurally barred.

IV.

Relying on <u>Wardius v. Oregon</u>, 412 U.S. 470 (1973), Toney next argues his due process rights were violated when Larry Freeman, a state investigator, was allowed to testify in rebuttal to Toney's alibi witness, although Mr. Freeman had not been named as a rebuttal witness until the third day of trial. In <u>Wardius</u>, the Supreme Court held that if a defendant is required to reveal witnesses under a discovery rule, the Due Process Clause requires reciprocal discovery on the part of the prosecution. <u>Id</u>. at 475.

In the present case, Mamie Toney stated in her alibi testimony that her grandson could not have committed the crime because she specifically remembered that he was asleep at her house on the night of the assault. Mr. Freeman, the rebuttal witness, did not call this alibi testimony into question. Instead, his entire testimony consisted of his recollection that, several months after the crime and shortly before the trial, he had interviewed Mrs. Toney on a Tuesday, while Mrs. Toney had believed it was a Wednesday. Mr. Freeman's testimony had the very limited effect of possibly calling into question Mrs. Toney's ability to remember certain dates. Mr. Freeman in no way challenged Mrs. Toney's alibi statement, nor the basis for Mrs. Toney's precise recollection of Toney's whereabouts at the time of the crime. In fact, Mrs. Toney's own testimony revealed that she was not absolutely certain of the date of Mr. Freeman's visit.

We reject Toney's argument that <u>Wardius</u> requires the conclusion that admission of a surprise rebuttal witness testimony, in all instances, amounts to a violation of fundamental fairness rising to the level of an infringement of due process. Even if we were to assume that the introduction of Mr. Freeman's testimony violated Toney's due process rights, we conclude the error was harmless beyond a reasonable doubt. <u>See</u> <u>Mauricio v. Duckworth</u>, 840 F.2d 454, 459 (7th Cir.), <u>cert. denied</u>, 488 U.S. 869 (1988). The

fact that the prosecution had the opportunity to interview Mr. Freeman prior to his testimony, coupled with the extremely limited value of the so-called rebuttal testimony, we cannot say there was a "reasonable possibility that the [errors] complained of might have contributed to the conviction." Id. There was no need for an evidentiary hearing on this issue because the record clearly establishes that the claim is without merit.

V.

Toney also contends the trial court violated his due process right to a fair trial by improperly granting the state's motion in limine to exclude evidence, including a newspaper article and a composite sketch, in support of the theory that Arnett Smith, and not Toney, had raped the victim. The Missouri Court of Appeals declined to address the merits of this claim, concluding that the issue had not been raised before the trial court. State v. Toney, 680 S.W.2d 268, 277 (Mo. Ct. App. 1984). Instead, the state appellate court, reviewing only for plain error, found no manifest injustice or miscarriage of justice. Id. The court's analysis went no further. As we have recently reaffirmed, a properly limited plain error review by a state court does not cure procedural default. See Bannister v. Armontrout, 4 F.3d 1434, 1445 n.16 (8th Cir. 1993), cert. denied, 115 S. Ct. 418 (1994) (citing Hayes v. Lockhart, 766 F.2d 1247, 1252 (8th Cir.), cert. denied, 474 U.S. 922 (1985)). This claim is procedurally barred as neither cause nor prejudice has been demonstrated.

VI.

Toney next argues the district court erred by applying the "clear and convincing" standard in Sawyer v. Whitley, 112 S. Ct. 2514, 2525 (1992), rather than the more lenient "more likely than not" standard of Schlup v. Delo, 115 S. Ct. 851, 867 (1995) (applying standard of proof established by Murray v. Carrier, 477

U.S. 478, 496 (1986)), to any possible miscarriage of justice claims arising from the district court's conclusion that certain claims were procedurally barred. Because Toney did not argue that actual innocence or miscarriage of justice excused the default of any of these claims, a reconciliation of this issue was not necessary to the determination of this case by the district court and we therefore do not consider any possible error in the district court's discussion.

## VII.

Toney next contends that he was erroneously sentenced to two consecutive life sentences in violation of his due process rights. At sentencing, the judge imposed a term of life imprisonment on each of the two counts for which Toney was convicted, rape and sodomy. The court stated that the applicable statute, Mo. Rev. Stat. § 558.026.1, "provides the sentence to be consecutive and mandatory, not even optional." Although the state appellate court upheld this ruling, State v. Toney, 680 S.W.2d at 273-74, the Missouri Supreme Court later effectively overruled this conclusion and held that § 558.026.1 allows the trial court discretion in deciding whether to impose sentences concurrently or consecutively where the relevant counts of conviction are crimes of a sexual nature, committed at the same time. See Williams v. State, 800 S.W.2d 739, 740 (Mo. 1990); State v. Burgess, 800 S.W.2d 743, 744 (Mo. 1990). Toney claims in his petition that he is entitled to have his case remanded to the state court for a discretionary determination of whether his sentence should run concurrently or consecutively. The magistrate judge concluded, as adopted by the district court, that although the trial judge may have misapplied the state sentencing procedures, this claim is not cognizable in a § 2254 proceeding and should be dismissed. We disagree.

While we recognize that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law

-10-

questions," <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991), it is important to note the particular constitutional difficulties encountered with application of state sentencing statutes. In <u>Hicks v. Oklahoma</u>, 447 U.S. 343, 346 (1980), the Supreme Court held that when a state creates a "substantial and legitimate [sentencing] expectation" an "arbitrary deprivation" of such entitlement may create an independent federal constitutional violation.

Whether Missouri state court sentencing judges have the discretion to consider consecutive or concurrent sentences is a question of state law which only the state can decide. Here, the Missouri sentencing statutes are clear. The state legislature, as interpreted by the Missouri Supreme Court, conclusively established that under § 558.026.1, a defendant will be sentenced to either consecutive or concurrent sentences at the discretion of the sentencing court. See <u>Williams v. State</u>, 800 S.W.2d at 740; <u>State v. Burgess</u>, 800 S.W.2d at 744. Toney has a constitutionally protected liberty interest in the sentence resulting from the exercise of this discretion, and that liberty interest is one that the Fourteenth Amendment preserves against arbitrary deprivation by the State. In this case, the sentencing judge, erroneously believing he had no discretion to do otherwise, imposed two consecutive life sentences. Such an arbitrary disregard of Toney's right to liberty is a denial of due process of law. The case is remanded to the district court with directions that, after the hearing we have heretofore required is concluded and made part of the court's final order, the district court shall remand to the state court for a discretionary determination of whether Toney's sentence should run concurrently or consecutively.

VIII.

Finally, Toney argues that the district court erred in adopting the magistrate judge's denial of a motion to now conduct

-11-

DNA and other scientific testing of various exhibits introduced at Toney's state court trial.  Such testing was not available at the time of the trial.  Toney claims that he has not even been able to obtain the samples from the State in order to perform any kind of testing -- blood-typing or DNA fingerprinting.  He claims that such testing may well exonerate him of the crime.  The State has acknowledged that the exhibits from Toney's state criminal trial remain in the custody of St. Louis County authorities and are available for testing if ordered by the court.  However, the State has refused this court's request to voluntarily make such exhibits available to Toney's counsel.

The magistrate judge's decision, as adopted by the district court, concluded that Toney was not entitled to access to the state exhibits for the purpose of DNA testing because such testing had no relationship to any claim before the court and for the public policy reason that granting the motion "would open the flood gates for DNA testing . . . in every rape case where the individual is still serving time."

Rule 6(a) of the Rules Governing Section 2254 Cases expressly provides for discovery in habeas proceedings if the petitioner shows "good cause" for discovery.[2]  The determination of whether to grant leave is within the discretion of the district court.  According to the Commentary to Rule 6:

> [W]here specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is confined illegally and is therefore entitled to relief,

---

[2]Rule 6(a) provides:

A party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise.

it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry.

Although it is generally within a district court's discretion to grant or deny discovery requests under Rule 6, a court's denial of discovery is an abuse of discretion if discovery is "indispensable to a fair, rounded, development of the material facts." East v. Scott, 55 F.3d 996, 1001 (5th Cir. 1995) (quoting Townsend v. Sain, 372 U.S. 293, 322 (1963)).

Given the nature of Toney's allegations, we conclude that Toney has shown good cause for discovery under Rule 6. Toney has claimed throughout his postconviction proceedings that he is innocent of the crime and that his counsel was ineffective for failing to pursue his claim of mistaken identity or to obtain state's evidence so as to conduct scientific examinations. In order to prove the prejudice prong of his ineffective assistance claim, Toney is entitled to have access to this evidence through discovery. The district court abused its discretion in denying his discovery requests.

IX.

For the reasons stated above, we reverse the district court's denial of Toney's motion for an evidentiary hearing and request for discovery. We also reverse the district court's conclusion with respect to Toney's sentencing. The remaining bases of appeal are affirmed. Accordingly, the case is affirmed in part, reversed in part and remanded to the district court for further proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.