_____

No. 96-1718
_____

Laird K. Mitchell,                   *
                                     *
          Appellant,                 *
                                     *   Appeal from the United States
     v.                              *   District Court for the
                                     *   Eastern District of Missouri.
Mike Kemna,                          *
                                     *
          Appellee.                  *


_____

Submitted: November 19, 1996

Filed: March 26, 1997
_____

Before McMILLIAN, Circuit Judge, HENLEY, Senior Circuit Judge, and MORRIS
     SHEPPARD ARNOLD, Circuit Judge.

_____

HENLEY, Senior Circuit Judge.


     Laird K. Mitchell appeals from a judgment of the district court[1]
denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. §
2254.  We affirm.

     Mitchell was convicted of second-degree robbery.  At trial, the
victim, Ada Wise, testified that after she had opened the door to her
apartment, Mitchell, who was a former resident of the apartment complex,
put his hand over her mouth, forced her inside the

_____

[1]The Honorable Carol E. Jackson, United States District Judge
for the Eastern District of Missouri, adopting the Report and
Recommendation of United States Magistrate Judge Frederick R.
Buckles.

apartment, and, with the help of an accomplice, took her television set and other items. Fred Green, who lived across the hall from Wise, testified that after he heard a scream he looked through his peephole and saw Mitchell force Wise into her apartment. After he telephoned the police, Green saw Mitchell leave Wise's apartment with a television set.

On appeal, Mitchell first argues that his counsel was ineffective for failing to investigate or challenge the mental competency of Wise and Green. See Strickland v. Washington, 466 U.S. 668 (1983). He asserts that counsel's performance was deficient because counsel should have been aware that the witnesses were mentally ill. Mitchell notes that Green testified that he was fifty-four years old and that the residents of the apartment complex were either senior citizens or mentally ill and that the trial court observed that Wise had made facial expressions and mannerisms that suggested that she suffered from a physical disability. Mitchell further asserts that he was prejudiced by the deficient performance. He reasons that had counsel investigated and challenged the witnesses' competency, the trial court would have found them incompetent, and without their testimony, the state would not have had a case.

Mitchell's claims are without merit. Even assuming counsel's performance was deficient, Mitchell has failed to establish prejudice. Although Mo. Rev. Stat. § 491.060(1) provides that "[a] person who is mentally incapacitated at the time of his production for examination" is incompetent to testify, it does not provide that a "mentally ill" person is incompetent to testify. Rather, "[t]he effect of the statute is to create the prima facie presumption that a person confined to a mental institution under lawful process or adjudicated as mentally ill is [] incompetent as a witness." State v. Beine, 730 S.W.2d 304, 307 (Mo. Ct. App.

1987) (internal quotation omitted). Other persons, including "mentally ill" persons, are presumed competent to testify. Id. (witness who had "[t]reatment at a mental hospital in the past and monthly outpatient treatment" presumed competent to testify) (internal quotation omitted). To overcome the presumption of competency, a party must demonstrate that a witness does not "understand[] the nature of an oath" and does not "demonstrate[] a mental capacity sufficient to observe, recollect and narrate the things heard and seen." State v. Johnson, 714 S.W.2d 752, 758 (Mo. Ct. App. 1986). In this case, as the state post-conviction motion court held, Mitchell failed to present sufficient evidence to overcome the presumption that Wise and Green were competent to testify.[2] Cf. United States v. Skorniak, 59 F.3d 750, 755 (8th Cir.) (defendant's assertion that witness was incompetent "to testify due to his mental state" insufficient to overcome presumption of competency) (internal quotation omitted), cert. denied, 116 S. Ct. 487 (1995). In addition, counsel was not ineffective for failing to submit Mitchell's pro se motion for mental examinations of Wise and Green. In State v. Robinson, 835 S.W.2d 303, 307 (Mo. 1992) (en banc), the Missouri supreme court held that "trial courts are without authority to order witnesses to submit to psychiatric examinations."

Also without merit is Mitchell's claim that his counsel was ineffective for failing to join the state's motion to remove a juror who allegedly was sleeping during portions of the state's direct examination and Mitchell's cross-examination. The state court found that counsel's decision to oppose the motion was a

---

[2]We note that even "a prior adjudication of mental incompetence or a record of confinement in a mental hospital is not conclusive; a witness must exhibit some mental infirmity and fail to meet the traditional criteria for witness competence." Beine, 730 S.W.2d at 307-08 (footnote omitted).

matter of reasonable trial strategy.  See Strickland, 466 U.S. at 690.  In particular, the court noted that the state vigorously sought removal and counsel strongly differed, stating "I don't feel my client suffered any prejudice from [the juror's] presence on the jury."  "'[W]e accord this finding a presumption of correctness under 28 U.S.C. § 2254(d), and we decline to second-guess counsel's strategic decision on collateral review.'"  Nielsen v. Hopkins, 58 F.3d 1331, 1337 (8th Cir. 1995) (quoting Dodd v. Nix, 48 F.3d 1071, 1075 (8th Cir. 1995)).

Mitchell also argues that his constitutional rights were violated when the prosecutor stated in closing argument that Mitchell preyed on old and weak people.  The district court refused to review the claim, holding it was procedurally barred.  Mitchell asserts that the claim is not barred because on direct appeal the appellate court reviewed it for plain error. See Jones v. Jerrison, 20 F.3d 849, 854 (8th Cir. 1994) ("[b]ecause the state courts reviewed [petitioner's] claim under a plain-error standard, we also apply a plain-error standard on habeas review").  The state responds that the district court did not err in holding that the claim was barred.  See Toney v. Gammon, 79 F.3d 693, 699 (8th Cir. 1996) ("a properly limited plain error review by a state court does not cure procedural default").  Mitchell and the state are both correct.  We recently noted that there is a "split within our Circuit on whether plain-error review by a state appellate court waives a procedural default by a habeas petitioner, allowing collateral review by this court." Hornbuckle v. Groose, 106 F.3d 253, 257 (8th Cir. 1997) (internal quotation omitted).  Although as a panel "we cannot resolve this divergence in our holdings, we may choose which line of cases to follow."  Id.  Here, we need not choose because we affirm no matter which line of cases we follow.  Under Toney, the district court did not err in refusing to review the claim.  Under Jones and Hornbuckle, "we find no plain error

resulting in manifest injustice." <u>Hornbuckle</u>, 106 F.3d at 257.

Accordingly, the judgment is affirmed.


A true copy.

      Attest:

           CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.